# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Darcy J. Betterton, | Case No. 19-CV-2005 (ECT/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Fikes, | |
| Respondent. | |

HILDY BOWBEER, United States Magistrate Judge,

This matter comes before the Court on Petitioner Darcy J. Betterton's (1) petition for a writ of habeas corpus under 28 U.S.C. § 2241, Doc. No. 1 (Petition); and (2) Application to Proceed Without Prepayment of Fees, Doc. No. 2 (IFP Application). For the reasons discussed below, the Court recommends dismissing the Petition without prejudice and denying the IFP Application.

In 2004, a jury in the U.S. District Court for the Northern District of Iowa convicted Betterton of three counts of possessing controlled substances (with intent to distribute) after being convicted of at least one felony drug offense. *See United States v. Betterton*, 417 F.3d 826, 829–30 (8th Cir. 2005); Verdict Form 1–2, *United States v. Betterton*, Case No. 03-CR-3014 (MWB) (N.D. Iowa Feb. 11, 2004). The sentencing court originally imposed concurrent sentences for the three counts of 360 months of imprisonment and 96 months of supervised release. *See Betterton*, 417 F.3d at 829;

Criminal Docket, *United States v. Betterton*, Case No. 03-CR-3014 (MWB), *available at* http://ecf.iand.uscourts.gov (last accessed Aug. 7, 2019).

Betterton appealed his sentence, arguing in relevant part that because it was "pronounced under a mandatory application of the Sentencing Guidelines," it was erroneous given the U.S. Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See Betterton*, 417 F.3d at 832. The U.S. Court of Appeals for the Eighth Circuit vacated the sentence and remanded the case for resentencing. *See id.* at 833. The district court imposed concurrent sentences totaling 300 months of imprisonment and 96 months of supervised release. *See* Am. J. in a Criminal Case 2–3, *United States v. Betterton*, Case No. 03-CR-3014 (MWB) (N.D. Iowa Mar. 05, 2006) (Amended Judgment).

Betterton is currently serving his imprisonment term at the Federal Correctional Institution at Sandstone, Minnesota. When released, he will become subject to the supervised-release term imposed at resentencing. During supervised release, Betterton will be subject to several conditions, including that he not commit another federal, state, or local crime during the supervision period; that he submit to periodic drug tests; that he regularly report to his probation officer; that he submit to searches conducted by that officer; and much else. *See id.* at 3–4; *see also* 18 U.S.C. § 3583(d) (2000) (establishing supervised-release conditions). If Betterton is found to have violated his supervised-release conditions, he may have "to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised

release without credit for time previously served on postrelease supervision . . . ." 18 U.S.C. § 3583(e)(3) (Supp. III 2004).

Historically, proceedings concerning supervised-release revocations have differed in two key ways from the proceedings by which the defendant was originally convicted. First, a jury need not act as the factfinder in determining whether the defendant violated supervised-release conditions; a judge can undertake this role. Second, the judge need not find a violation beyond a reasonable doubt; the lesser preponderance-of-the-evidence standard suffices. *See Johnson v. United States*, 529 U.S. 694, 700 (2000) ("Although such violations often lead to reimprisonment, the violative conduct . . . need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt.").

The sentencing judge generally has a relatively free hand in imposing a term of imprisonment upon revocation of supervised release. This discretion is cabined only by the maximum terms of imprisonment permitted by § 3583(e)(3), the length of the supervised-release term (which itself usually acts as a maximum permissible sentence upon revocation), and the factors set forth in § 3553(a). But under § 3583(k), if a defendant who must register under the Sex Offender Registration and Notification Act (SORNA) commits any of several listed offenses while on supervised release, that release *must* be revoked and a judge *must* impose a term of imprisonment of at least five years, and as much as life. Like other supervised-release provisions, however, § 3583(k) requires on its face only that the defendant be found to have committed the relevant listed offense by a preponderance of the evidence, and a jury need not make that finding.

3

In June 2019, a fractured U.S. Supreme Court concluded in *United States v. Haymond* that § 3583(k) infringes on defendants' Fifth and Sixth Amendment rights. 139 S. Ct. 2369 (2019). Writing what would become *Haymond*'s holding, Justice Breyer identified three aspects of § 3583(k) that, "considered in combination," made that provision "less like ordinary revocation and more like punishment for a new offense, to which the jury right would typically attach." *Id.* at 2386 (Breyer, J., concurring).

> *First*, § 3583(k) applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute. *Second*, § 3583(k) takes away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long. *Third*, § 3583(k) limits the judge's discretion in a particular manner: by imposing a mandatory minimum term of imprisonment of "not less than 5 years" upon a judge's finding that a defendant has "commit[ted] any" listed "criminal offense."

*Id.* (alteration in original). Given these three factors, Justice Breyer concluded that § 3583(k) violated criminal defendants' constitutional rights. *Id.* Only upon a jury finding, beyond a reasonable doubt, that a defendant had committed one of the listed offenses could the mandated § 3583(k) prison term be imposed.

Four other justices agreed that § 3583(k) failed to pass constitutional muster, but they would have gone further in at least one way. According to these justices, "a jury must find any facts that trigger a new mandatory minimum prison term" upon revocation of supervised release. *Id.* at 2380 (emphasis removed). This proposition encompassed Justice Breyer's conclusion that § 3583(k) was unconstitutional as applied in cases such as Haymond's. But the proposition also—had it been the Supreme Court's *Haymond*

4

holding—would presumably have extended to any other provisions that, like § 3583(k), imposed a mandatory minimum term of imprisonment upon a supervised-release revocation without giving the defendant the right to a hearing before a jury to determine, beyond a reasonable doubt, whether the relevant supervised-release condition had been violated.[1]

This leads us back to Betterton, whose Petition challenges, under *Haymond*, the supervised-release term imposed in his criminal case.[2] *See* 28 U.S.C. § 2241. In the Petition, Betterton stakes out a position on *Haymond* beyond that of the four justices who would have gone beyond striking down only § 3583(k) and applied a more categorical rule. According to Betterton, *any* future revocation of his supervised release will, under *Haymond*, violate his constitutional rights. *See* Pet. 3–4.

Nothing in *Haymond*—not the most expansive reading of its most expansive opinion, and certainly not its holding—supports Betterton's conclusion. Formally, Justice Breyer's opinion in *Haymond* is controlling. *See United States v. Bailey*, 571 F.3d 791, 798 (8th Cir. 2009) ("When a majority of the Supreme Court agrees only on the

---

[1] The four justices also flagged another potential constitutional question (though they declined to reach the issue and minimized its practical consequences): whether sentences imposed under § 3583 might be invalid if the imprisonment term imposed after a supervised-release revocation extended a defendant's total terms of incurred imprisonment beyond the maximum sentence authorized by statute upon the jury's finding of guilt. *Haymond*, 139 S. Ct. at 2382 (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).

[2] The Petition is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Though the Petition is not brought pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied to it. *See* Rule 1(b).

5

outcome of a case and not on the grounds for that outcome, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.'" (quoting *Marks v. United States*, 430 U.S. 188, 193 (1977)). That opinion is limited to the constitutionality of § 3583(k), concluding that it is invalid because it has the three factors, "considered in combination," identified above. *Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring). But there is no reason to believe that Betterton will ever be subject to § 3583(k); he does not contend, for example, that he is required to register under SORNA. Moreover, none of the factors identified by Justice Breyer as requiring § 3583(k)'s invalidation will necessarily be present if Betterton is found, at some point in the future, to have violated his supervised release. *Haymond* is thus irrelevant to Betterton.

Betterton's argument is also inconsistent with the opinion of the four justices who would have gone beyond Justice Breyer's conclusion and invalidated any mandatory minimum sentence "triggered by judge-found facts." *Id.* at 2384. Nothing about that opinion suggests—as the Petition would have it—that those justices would find that imposing a term of imprisonment upon revocation of supervised release is *per se* unconstitutional. Those justices' much-more-limited conclusion was that, under certain circumstances, a defendant may be entitled to a hearing by a jury applying a beyond-a-reasonable-doubt standard of review before the court may impose a term of imprisonment upon revocation of supervised release. This is a far cry from Betterton's interpretation, which would in effect forbid the revocation of supervised release and the imposition of a new term of imprisonment, regardless of the procedures implemented.

Leaving all that aside, though, the Petition's fundamental flaw is this: *Haymond* does not concern how supervised release may be *imposed*, but how it may be *revoked*. The imposition of supervised release in Betterton's case followed from his conviction; indeed, it was mandated by statute. *See* 21 U.S.C. § 841(b)(1)(B) (Supp. V 2005). Betterton insisted that the government prove its case beyond a reasonable doubt before a jury of his peers, consistent with the Fifth and Sixth Amendments. The trial court could not have imposed the supervised-release term merely on its own finding, by a preponderance of the evidence, that Betterton had committed the offenses of conviction. What instead happened is that Betterton was tried and convicted, and the trial court imposed a sentence—including a supervised-release term—that (after an appeal) fell within the bounds set by federal law. All of this is entirely consistent with Betterton's constitutional rights.

The Petition cannot attack Betterton's sentence as it was handed down, so it instead turns on a hypothetical question: *if* Betterton violates his supervised-release conditions in the future, and *if* his supervised release is revoked, would the revocation be consistent with *Haymond*? But that question is unanswerable right now; this Court cannot know whether Betterton will violate his supervised-release conditions, what procedures the trial court would implement to decide on revocation, and what statutory provisions would control if the trial court chose to impose a term of imprisonment.

The "irreducible constitutional minimum of standing" demands that a litigant's complained-of injury "be likely, as opposed to merely speculative." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also Frost v. Sioux City*, 920 F.3d 1158,

1161 (8th Cir. 2019). Betterton's assertion that, under *Haymond*, his constitutional rights will be violated if his supervised release is revoked is simply conjecture: he may never violate the conditions of his release; if he does, his term of supervised release may not be revoked; if it is, the resulting sentence may be imposed in a manner consistent with *Haymond*. Speculative harms like those Betterton raises are not, consistent with Article III of the Constitution, sufficient to confer standing upon a litigant. As Betterton lacks standing to prosecute *Haymond* claim, the Petition must be dismissed without prejudice for lack of jurisdiction.

The same conclusion can also be reached from a different angle. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). In one sense, Betterton is indeed in custody: he is in federal prison based on his prior conviction. But the Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id*. at 490–91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). Betterton cannot attack the sentence for which he is in custody; he does not argue that there is anything unlawful about the term of imprisonment, and (as explained above) he cannot argue, consistent with *Haymond*, that the *imposition* of supervised release was effected unlawfully. Rather, Betterton is trying to challenge a potential revocation of his supervised release—that is, he is challenging a hypothetical future term of imprisonment that might never be imposed and

8

for which he is not in custody today. "If a petitioner was not 'in' the relevant 'custody' at the time of filing, then his petition must be dismissed for lack of jurisdiction." *Munt v. Miles*, No. 18-CV-0017 (JRT/FLN), 2018 WL 2271028, at *2 (D. Minn. May 17, 2018) (citing *Charlton v. Morris*, 53 F.3d 929, 929 (8th Cir. 1995) (per curiam)).

A federal prisoner cannot, through a petition for a writ of habeas corpus, anticipatorily test the validity of proceedings that have not occurred—proceedings that may or may not lead to a term of imprisonment for which the prisoner is not, and may never be, in custody. This Court therefore lacks jurisdiction over the Petition. It should be dismissed without prejudice.

Only one matter merits further comment: Betterton has applied to proceed *in forma pauperis* in this action. *See* (IFP Appl. [Doc. No. 2].) Should the recommended dismissal be adopted, the IFP Application should be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Darcy J. Betterton, Doc. No. 1, be **DISMISSED WITHOUT PREJUDICE**; and
2. Betterton's application to proceed *in forma pauperis*, Doc. No. 2, be **DENIED**.

Dated: August 7, 2019               s/Hildy Bowbeer
                                    Hildy Bowbeer
                                    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).