UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Darcy J. Betterton,

        Petitioner,

v.

Warden Fikes,

        Respondent.

File No. 19-cv-2005 (ECT/HB)

**ORDER ACCEPTING REPORT
AND RECOMMENDATION**

_____

Petitioner Darcy J. Betterton commenced this action pro se by filing a petition for a writ of habeas corpus and an application to proceed in forma pauperis ("IFP"). Pet. [ECF No. 1]. The case is before the Court on a Report and Recommendation issued by Magistrate Judge Hildy Bowbeer on August 7, 2019. ECF No. 4 ("R&R"). Magistrate Judge Bowbeer recommends dismissing Betterton's petition without prejudice and denying his IFP application as moot. R&R at 9.

Ordinarily, any objection to a report and recommendation must be filed "within 14 days after being served with a copy." LR 72.2(a)(1). Here, Betterton was served by mail on August 7, which normally would make his objection deadline August 26. LR 72.2(a)(1) (requiring that objections to a report and recommendations be filed "within 14 days after being served with a copy"); Fed. R. Civ. P. 6(d) (extending deadline by three days when served by mail); Fed. R. Civ. P. 6(1)(C) (extending deadline due to weekend). Betterton's Objections are dated August 27. Obj. at 6 [ECF No. 5]. But Betterton submitted documentary evidence that prison officials at FCI-Sandstone did not deliver the

Report and Recommendation to him until August 20 [ECF No. 5-2], and he argues that his Objections therefore are timely [ECF No. 5-1]. The Court construes this as a motion for an extension of time. Because Betterton's delayed receipt of the Report and Recommendation through no fault of his own constitutes excusable neglect for not meeting his filing deadline, the Court will grant Betterton's request and treat his Objections as timely. *See* Fed. R. Civ. P. 6(b)(1)(B).

The Court is required to review de novo those portions of the Report and Recommendation to which Betterton has objected. *See* 28 U.S.C. § 636(b)(1); Local Rule 72.2(b)(3). Although the Report and Recommendation was well reasoned, Betterton's Objections elaborate on certain arguments raised in his petition that were not directly addressed in the Report and Recommendation, and which warrant further discussion here. Nevertheless, for the reasons that follow, Betterton's Objections will be overruled, the Report and Recommendation will be accepted, and Betterton's petition will be dismissed.

On February 11, 2004, a jury convicted Betterton of three counts of possessing controlled substances with intent to distribute after being convicted of at least one felony drug offense. *See United States v. Betterton*, 417 F.3d 826, 829–30 (8th Cir. 2005); Verdict Form at 1–2, *United States v. Betterton*, Case No. 03-CR-3014 (MWB) (N.D. Iowa Feb. 11, 2004), ECF No. 71. One of the counts of conviction carried a mandatory minimum term of imprisonment of 10 years, a maximum term of imprisonment of life, and "a term of supervised release of at least 8 years in addition to such term of imprisonment." *See* Am. J. at 1, *United States v. Betterton*, Case No. 03-CR-3014 (MWB) (N.D. Iowa

Mar. 5, 2006), ECF No. 113; 21 U.S.C. § 841(b)(1)(B)(iii). He ultimately received a sentence of 300 months (25 years) of imprisonment and 96 months (8 years) of supervised release on that count, to be served concurrently with lesser sentences on the other two counts of conviction. *See* Am. J. at 2–3. He is currently serving the custodial portion of his sentence at the Federal Correctional Institute in Sandstone.

In his petition, Betterton asks the Court "to correct the execution of [his] supervised release to prevent it from being executed in an unconstitutional manner." Pet. at 1 [ECF No. 1]. Essentially, he argues that it would be unconstitutional under *United States v. Haymond*, 139 S. Ct. 2369 (2019), to require him to serve 25 years in prison and *then* 8 years on supervised release, because if his supervised release was ever revoked, he might have to spend longer in prison than the 25 years imposed by the sentencing judge. Pet. at 3–4; Obj. at 2. Betterton suggests that the solution to this supposed problem is that the Bureau of Prisons should release him after 17 years in prison, so that if he violates the terms of his supervised release, and if his supervised release is revoked, and if he is sentenced to 8 years in prison as part of that revocation, he will not be imprisoned for any longer than "the maximum imprisonment authorized by the statute of conviction and imposed for the initial offense conduct." Pet. at 2.

There are many problems with this argument. *See generally Whitaker v. Fikes*, No. 19-cv-1905 (PJS/LIB), 2019 WL 5854058 (Nov. 11, 2019) (rejecting similar argument for multiple reasons). For present purposes, the most significant problem is that Betterton's petition is not ripe. Even under Betterton's theory, no constitutional violation would occur unless and until he is on supervised release, *and* violates the terms of that supervised

3

release, *and* is consequently returned to prison—and at this point it is entirely speculative whether these conditions will come to pass. *See Whitaker*, 2019 WL 5854058, at \*2. Accordingly, the Court lacks subject-matter jurisdiction over Betterton's petition. *See Watts v. Petrovsky*, 757 F.2d 964, 966 (8th Cir. 1985) (holding that, where a live controversy would only arise if petitioner's current term of parole were revoked, the court lacked jurisdiction over the appeal).

## ORDER

Based on the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. The Report and Recommendation [ECF No. 4] is **ACCEPTED**;

2. The petition [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**; and

3. The application to proceed in forma pauperis [ECF No. 2] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 20, 2019          s/ Eric C. Tostrud
                                  Eric C. Tostrud
                                  United States District Court